# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 19, 1897.

## EX PARTE TRUST ESTATE OF BAXTER ELECTRIC MOTOR CO.

*Robert Ludlow Preston* for State of Maryland.

*Gans & Haman* and *Vernon Cook* for respondent.

STOCKBRIDGE, J.—

The determination of the question involved in this petition rests on the construction to be placed upon certain sections of Article 81, Code Public General Laws, and certain subsequent acts of the Legislature.

The first question to be disposed of is when do the taxes assessed upon the

capital stock of a company become due. With regard to this there is a conflict in the statute law, for Section 84 of Article 81 of the Code P. G. L., and which section does not appear to have been directly repealed, in terms provides that such taxes shall be paid to the treasurer of the State on the second day of January of the year following that for which they were levied; while Chapter 244 of the Acts of 1890 imposes a penalty in case they are not paid by the first day of November in the year for which they are assessed and levied. While this latter statute does not in terms repeal Section 84, nor is the act referred to in terms an amendment of that section, it is in such direct conflict with it that the inevitable result of it is to repeal, pro tanto, Section 84.

The date when the State taxes become due must therefore be certainly as early as the first of November of the year for which they are levied, and it is contended on the part of the State that it is as early as the fifteenth day of May, the date by which, under Section 132 of Article 81, the State Tax Commissioner is required to assess the capital stock of all corporations for the purposes of taxation.

Chapter 518, of the Acts of 1892, which is a repeal and re-enactment of Sec. 64, of Art. 81, and to which Chapter 407, of the Acts of 1896, is a supplement, applicable to a cast like the present, rather than the Act of 1892, provides that whenever a sale of any property, real or personal, is made by any sheriff, constable, trustee, receiver or other ministerial officer, the taxes due and *in arrear* to the State shall be first paid and satisfied, after the payment of the expenses incident to the sale. This would seem at first reading to indicate that there was a priority on the part of the State as against the proceeds of sale of the assets of a corporation in the hand of a ministerial officer only after the taxes had become in *arrear*, and under the common and ordinary acceptation of the term in arrear, is understood such time as the same would have been enforceable by legal process, which is clearly not until after the 1st day of November. And I should have no hesitation about so holding, but for the fact that in the earlier portion of the Act (and the phraseology is the same in this respect in both the Acts of 1892 and 1896), it is expressly

provided that whenever a sale of either real or personal property of a corporation from which State taxes are *due and payable*, shall be made, &c., thus apparently making the words payable in the first part of the section and in arrear in the latter part of it synonymous.

If now we examine more closely the provisions of the general law to ascertain the first date upon which the State Treasurer is authorized to receive such taxes, and it is to be borne in mind that the State Treasurer is the only official who is authorized to receive them, we find that while the State Tax Commissioner is required on or before the 15th day of May in each year to so assess corporate shares of stock for the purposes of taxation (Section 132), he is by the same section required to report the same to the Comptroller, who is by Section 144 required to notify the officers of the corporations whose stock has been so assessed of the amount of such assessment, and from the time of such notice there is allowed a period of thirty days within which to appeal from the assessment so made by the State Tax Commissioner, but if no appeal is taken within such period of thirty days, then such assessment shall become final. From this it follows that the final assessment can not be had, and therefore no taxes for a current year become due and payable earlier than the 15th day of June in any year, and the sale having taken place in this case on the 23rd day of May, 1895, there were at the time of the said sale no taxes on the capital stock of the Baxter Electric Motor Company for the year 1895 due and payable, or due and in arrear, and the petition must therefore be dismissed.